IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SPECIAL OLYMPICS, INC.<br><br>1133 19th Street, N.W.<br>Washington, DC 20036-3604<br><br>*Plaintiff,*<br><br>v.<br><br>COLD BEAR WEAR, INC. (a New Jersey corporation); PAUL HEBERT (an individual), and CHRISTOPHER E. SICKELS (an individual)<br><br>*Defendants.* | Civil Action No.: 1:07CV00385 |

## MOTION TO ENTER CONSENT JUDGMENT

Plaintiff, Special Olympics, Inc. ("Special Olympics"), and Defendants, Cold Bear Wear, Inc., Paul Hebert, and Christopher E. Sickels (collectively, "Defendants"), jointly and respectfully ask that this Court enter the attached *(Proposed) Consent Judgment*, which fully resolves all of the causes of actions and claims raised in this case.

Submitted this ___ day of April 2007:

_____
Edward T. Colbert (Bar No. 206425)
William M. Merone; Erik C. Kane
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC  20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Special Olympics, Inc.*

_____
Elliott Abrutyn
MORGAN MELHUISH ABRUTYN
651 West Mount Pleasant Avenue, Suite 200
Livingston, New Jersey  07039
Tel.: (973) 994 – 2500
Fax: (973) 994 – 3375

*Counsel for Cold Bear Wear, Inc.,
Paul Hebert, and Christopher E. Sickels*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SPECIAL OLYMPICS, INC.<br><br>1133 19th Street, N.W.<br>Washington, DC 20036-3604<br><br>*Plaintiff*,<br><br>v.<br><br>COLD BEAR WEAR, INC. (a New Jersey corporation); PAUL HEBERT (an individual), and CHRISTOPHER E. SICKELS (an individual)<br><br>*Defendants*. | Civil Action No.: 1:07CV00385 |

**(Proposed) CONSENT JUDGMENT**

WHEREAS Plaintiff, Special Olympics, Inc. ("Special Olympics"), brought this action against Defendants, Cold Bear Wear, Inc., Paul Hebert, and Christopher E. Sickels (collectively, "Defendants"), to remedy acts of trademark infringement, unfair competition, false representation, and false designation of origin arising out of Defendants' use of the terms SPECIAL OLYMPICS and POLAR PLUNGE, as detailed in the *Complaint*;

WHEREAS Defendants acknowledge the strength and validity of the SPECIAL OLYMPICS and POLAR PLUNGE trademarks, and admit to having used those marks without Special Olympics' permission in connection with the sale of clothing;

WHEREAS the parties have reached an agreement and have proposed that it be adopted by this Court through the entry of a Consent Judgment; and

1

WHEREAS this Court has considered the proposed Consent Judgment and finds that good cause exists for the entry of a Judgment as set forth below:

NOW THEREFORE IT IS ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over both the subject matter of this case and the parties involved therein, and Defendants have received proper notice of the claims;

2. The terms SPECIAL OLYMPICS and POLAR PLUNGE are strong and valid trademarks that identify Special Olympics, Inc. as the sole source of the various goods and services referenced in the *Complaint*, including "charitable fundraising services," "clothing," and "winter swim fundraising events"; and

3. Defendants have engaged in acts of trademark infringement, unfair competition, false representation, and false designation of origin based on the activities specified in the *Complaint*, including through the use of the term POLAR PLUNGE WEAR without permission in connection with the sale of clothing.

NOW THEREFORE JUDGMENT IS ENTERED in favor of Special Olympics, Inc. on all claims asserted in the *Complaint*, and this Court further orders:

A. That Defendants, along with any officers, agents, representatives, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be permanently enjoined from:

(1) Using the name "POLAR PLUNGE," "SPECIAL OLYMPICS," or any other reproduction, counterfeit, copy, colorable imitation, or confusingly

similar variation of thereof, as any portion of a trademark that is to be used in the connection with the sale or provision or any good or service;

(2) Using the "POLAR PLUNGE Bear" (as shown in the *Complaint*) or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of thereof (including the Defendants' "bear," as shown in the *Complaint*), as any portion of a trademark or Logo that is to be used in the connection with the sale or provision or any good or service;

(3) Engaging in acts that constitute infringement, unfair competition, false representation, or false designation of origin, under the trademark laws of the United States and which would damage or injure Special Olympics; or

(4) Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

B. That in accordance with 15 U.S.C. §1118, Defendants deliver up to Special Olympics for destruction any and all goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements (and the like) in its possession or under its custody or control that use the "POLAR PLUNGE WEAR" name or bear, including but not limited to any unsold clothing;

C. That in accordance with 15 U.S.C. §1116, Defendants be directed to serve on Special Olympics, no later than thirty days after receiving service of this Order, a report in writing and under oath setting forth in detail the manner and form in which it has complied fully with the Order;

D. That in accordance with 15 U.S.C. § 1117(a), Defendants be ordered to account for and pay over to Special Olympics the greater of:

  (1) 15% of all sales made by Defendant under the POLAR PLUNGE WEAR mark and/or through the website www.polarplungewear.com; or

  (2) all of the gains, profits, savings, and advantages realized by Defendants as a result of their unlawful activities as detailed in the *Complaint*;

E. That Defendants transfer the domain name polarplungewear.com to Special Olympics, along with any other domain names related or similar thereto; and

F. That Defendants abandon U.S. Trademark Application Serial No. 77/090,957 and not make any further Trademark Office filings for marks that incorporate "POLAR PLUNGE" or any other Special Olympics mark.

Each party to bear it own costs.

Entered this ___ day of _____, 2007

                     _____
                      United States District Judge

  Through undersigned counsel, the parties hereby STIPULATE AND AGREE to the entry of the above *Consent Judgment* and to abide by its Terms:

| | |
|---|---|
| Edward T. Colbert (Bar No. 206425) | Elliott Abrutyn |
| William M. Merone; Erik C. Kane | MORGAN MELHUISH ABRUTYN |
| KENYON & KENYON LLP | 651 West Mount Pleasant Avenue, Suite 200 |
| 1500 K Street, N.W. | Livingston, New Jersey 07039 |
| Washington, DC 20005 | Tel.: (973) 994 – 2500 |
| Tel.: (202) 220 – 4200 | Fax: (973) 994 – 3375 |
| Fax: (202) 220 – 4201 | |
| | *Counsel for Cold Bear Wear, Inc.,* |
| *Counsel for Special Olympics, Inc.* | *Paul Hebert, and Christopher E. Sickels* |